**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-21564-ALTMAN**

**JILMER RENARDO ESCOBAR PEREZ**,

    *Petitioner*,

*v.*

**KRISTI NOEM**, *et al.*,

    *Respondents*.

_____/

## <u>ORDER</u>

Jilmer Perez's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] presents a question of statutory interpretation that has divided judges across the country: Is an alien who's living in the United States without having been lawfully admitted subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), or is he entitled to a bond hearing under 8 U.S.C. § 1226(a)? After a careful review of the Petition, the Government's Response ("Response") [ECF No. 7], and the Petitioner's Reply [ECF No. 8], we **DENY** the Petition.

### BACKGROUND

Our Petitioner, Jilmer Perez, is a noncitizen, charged with "having entered the United States without inspection." Petition ¶ 3; *see also* Response at 1 ("Petitioner is a native and citizen of Mexico who illegally entered the United States without inspection at an unknown location and on an unknown date."). The Petitioner is "confined at the Krome North Service Processing Center in Miami, Florida." Petition ¶ 2. The Petitioner argues that the Respondents have misinterpreted the Immigration and Nationality Act ("INA") and wrongly subjected him to mandatory detention, without a bond hearing, because, according to him, "the mandatory detention provision of § 1225(b)(2) does not apply to people like [Petitioner], who already entered and was residing in the United States at the time of his

apprehension." Petition ¶ 44. The Petitioner seeks habeas relief in our Court and requests that we order the Respondents either to release him or to "provide [him] with a bond hearing pursuant to 8 U.S.C. § 1226(a)[.]" *Id.* at Prayer for Relief.

## THE LAW

Section 2241 allows district courts to grant relief to petitioners who are held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This jurisdiction extends to petitioners challenging their detention under our immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## ANALYSIS

### I.      The Petitioner's Detention is Governed by 8 U.S.C. § 1225

The Petitioner argues that the mandatory detention provision of § 1225(b)(2)(A) doesn't apply to individuals "who already entered and was residing in the United States at the time of [their] apprehension." Petition ¶ 44.

Section 1225 governs the inspection and removal of a specific subset of aliens—"applicants for admission." 8 U.S.C. § 1225(a). Subsection (a)(1) defines "applicant[s] for admission" as "alien[s] present in the United States who [have] not been admitted *or* who arrive[ ] in the United States[.]" § 1225(a)(1) (emphasis added). An alien hasn't been "admitted" to the United States until he's obtained "lawful entry . . . into the United States after inspection and authorization by an immigration officer." § 1101(a)(13)(A). An applicant for admission who isn't "clearly and beyond a doubt entitled to be admitted" to the United States "shall be detained" for removal proceedings. § 1225(b)(2)(A).

The Petitioner contends that he's not an "applicant for admission" subject to mandatory detention under § 1225. In the Petitioner's view, his detention is governed by § 1226, under which aliens are generally entitled to a bond hearing at the outset of their detention, because he "previously

2

entered the country and [has] been residing in the United States prior to being apprehended and placed in removal proceedings by [the Respondents]." Petition ¶ 56.

The Respondents disagree, arguing that, under the "plain language" of § 1225(b)(2), the government must detain all aliens, like the Petitioner, who are present in the United States without admission and are subject to removal proceedings—regardless of how long the aliens have been in the United States or how far from the border they ventured. Response at 7.

This question—whether an alien who's lived in the United States unlawfully for years is an "applicant for admission" under § 1225—has divided the judges in our District. *Compare Morales v. Noem*, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026) (Singhal, J.) ("Because Petitioner is present without admission, he is an 'applicant for admission' governed by section 1225."), *with Ardon-Quiroz v. Assistant Field Dir.*, 2025 WL 3451645, at *7 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (holding that a petitioner like ours was "governed by section 1226(a) and, therefore, . . . entitled to an individualized bond hearing"). And the Eleventh Circuit hasn't resolved this split—although several relevant appeals are pending in that court. *See, e.g, Alvarez v. Warden,* No. 25-14065 (11th Cir.); *Perez v. Parra*, No. 25-14075 (11th Cir.).

The Fifth Circuit, however, *has* addressed this precise question in a recent (and thorough) opinion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In that case, the Fifth Circuit concluded that "[t]he text and context of § 1225 contradict[ed]" the Petitioner's position and held that aliens "present in the United States [that] [have] not been admitted" are unambiguously "applicants for admission within the meaning of § 1225(a)(1)." *Id.* at 502.

As we've previously held, *see generally Hernandez v. Miami Field Off. Dir.*, 2026 WL 554694 (S.D. Fla. Feb. 27, 2026) (Altman, J.), we think the Fifth Circuit and our own Judge Singhal have the better view, *see generally Buenrostro-Mendez,* 166 F.4th 494; *Morales*, 2026 WL 236307. The plain text of § 1225(a)(1) defines aliens, like our Petitioner, as "applicants for admission" notwithstanding their

3

distance from the border or the time they've spent in the United States without admission. And, while the text of the statute resolves the question presented in our case, we also agree with the Fifth Circuit that the contrary view would yield some bizarre results. As the Fifth Circuit observed: "It seems strange to suggest that Congress would have preserved bond hearings exclusively for unlawful entrants." *Buenrostro-Mendez*, 166 F.4th at 508.

We thus conclude that the Petitioner is an "applicant for admission" and that his detention is governed by § 1225, which doesn't grant him the right to an individualized bond hearing. *See id.* at 502. ("Nor do the petitioners dispute that if § 1225(b)(2)(A) applies to them, it would require their detention without eligibility for bond. The statute unambiguously provides for mandatory detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." (cleaned up)).[1] Because Counts I–IV of the Petition all rely on the proposition that the Petitioner is wrongfully detained under § 1225, we deny all four counts.

## II.    The Petitioner's Detention Doesn't Violate Due Process

The Petitioner also advances a due-process claim. *See* Petition ¶ 70 ("[The Respondents'] mandatory detention of plaintiff without consideration for release on bond or access to a bond hearing violates [the Petitioner's] due process rights."). We reject this argument with little difficulty. For one thing, this count rests entirely on the Petitioner's faulty argument that his detention must be governed by § 1226, and we've already rejected that argument. For another, the Supreme Court has already held that the government needn't conduct individualized bond hearings to determine an alien's flight risk

---

[1] We recognize that we've adopted what is currently the minority view among district courts. *See Buenrostro-Mendez*, 166 F.4th at 500 ("Since DHS began to detain unadmitted aliens under § 1225(b)(2)(A), well over a thousand aliens have filed habeas corpus petitions seeking bond hearings. In most of these cases, the district court found in favor of the petitioner."). Still, many judges across the country agree with the position we've taken here. *See, e.g., Uulu v. Warden*, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (Shubb, J.); *Arana v. Arteta*, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Lopez v. Dir. of Enf't & Removal Operations*, 2026 WL 261938 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Gutierrez Sosa v. Holt*, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.). And we think that number will grow once these cases reach the circuit courts

and may detain aliens in removal proceedings to combat the risk of widespread flight. *See Demore v. Kim*, 538 U.S. 510, 528 (2003) (upholding § 1226(c)'s mandatory-detention scheme against a challenge that alien detainees had a due-process right to individualized bond hearings); *cf. Morales*, 2026 WL 236307, at *9 (rejecting a due-process claim in circumstances very similar to ours).

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 3, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

5